IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES E. BARRETT II,

                                                                                                                                                                         PLAINTIFF

v.                                Civil No. 6:07-cv-6043

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                                                  DEFENDANT

**<u>MEMORANDUM OPINION</u>**

      Plaintiff, Charles Barrett II, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI), under the provisions of Titles II and XVI of the Social Security Act (Act). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Procedural Background:**

      Plaintiff protectively filed for SSI and DIB on March 11, 2004 alleging disability since October 10, 2002, due to left hand injury, back pain, memory problems, and breathing problems. (Tr. 56-59, 206-210). Plaintiff's applications were denied initially and on reconsideration. (Tr. 41-

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

44). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on February 14, 2004. Plaintiff, represented by attorney Terry Diggs, appeared and testified at the hearing. (Tr. 199-217). On October 23, 2006, the ALJ issued an unfavorable decision. (Tr. 12-23). The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. The Plaintiff argues the ALJ's findings are not supported by substantial evidence in the record because the ALJ did not find Plaintiff had an impairment or combination of impairments equal to one listed

in 20 C.F.R. pt. 404, subpt. P, app. 1; the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); and the ALJ erred by failing to obtain testimony from a VE. The Defendant argues the Plaintiff does not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; the ALJ properly applied the factors of *Polaski*, and the ALJ did not err by failing to obtain testimony from a VE.

### A. Listing of Impairments

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included traumatic injury to the left hand and degenerative disc disease of the lumbar spine. (Tr.13, 21). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.[2]

Plaintiff alleges he has a listed impairment and sets forth sixteen (16) diagnoses that appear throughout the record. (Doc. No. 7 pg. 5-6). However, Plaintiff fails to show his impairments meet

---

[2] Plaintiff failed to specifically identify which Appendix 1 Listing he meets or equals.

or equal any specific listing. A diagnosis of an impairment is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff states he has significant loss of use of his left hand, but does not allege a specific Listing to which he meets or equals. (Doc. No. 7 pg. 7). In September 2002, Plaintiff was involved in a motorcycle accident. He was admitted to St Joseph's Mercy Health Center. (Tr. 161-189). Plaintiff underwent an amputation of the left index finger. (Tr. 161). Plaintiff was also diagnosed with severe chronic alcoholism. (Tr. 161). He was discharged with antibiotics and pain medicine. (Tr. 161). Plaintiff returned the hospital on September 18, 2002 with complaints of left hand pain. (Tr. 148). According to the record, Plaintiff was intoxicated at the time of this admission. The medical records also indicates Plaintiff had been noncompliant with his medication and had an infection in his left hand where surgery had been performed earlier. (Tr. 152).

On September 25, 2002, Plaintiff returned to the ER with continued complaints of hand pain. (Tr. 159). He was given a pain shot and released. Plaintiff returned to the ER on October 14, 2002 with continued pain and an obvious infection in his left hand. (Tr. 157). On October 20, 2002 Plaintiff was again seen in the ER with hand pain. The record indicates the Plaintiff's mother was being seen that day and the Plaintiff decided he wanted to be seen also since he was there. (Tr. 137). Plaintiff was given a pain shot and released.

On March 26, 2004, Plaintiff was seen by Dr. James Rudder. (Tr. 111). During the physical exam of Plaintiff's left hand, it was observed to be in good condition. Also, Plaintiff had no complaints that day.

On January 26, 2005, Plaintiff was seen for consultative physical exam by Dr. Michael Atta. (Tr. 114-120). Plaintiff had full range of motion in his wrists and hands and had no evidence of swelling or tenderness in these areas. (Tr. 117). Plaintiff also had a normal limb function exam which included the ability to hold a pen and write, touch his fingers to his palm, and pick up a coin. (Tr. 118).

On June 5, 2006, Plaintiff was seen for a consultative exam by Dr. Harold Chakales. (Tr. 192-195). The range of motion exam of Plaintiff's left hand was normal. (Tr. 194). Dr. Chakales also indicated Plaintiff was unable to perform maneuvers with his left hand, but he could occasionally perform simple grasp, fine manipulation, handle and feel objects, and reach. Plaintiff could also lift and/or carry 11-20 pounds occasionally. (Tr. 195).

The medical evidence does not establish Plaintiff met any Listing. I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. Credibility of Plaintiff's Subjective Complaints

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaints, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, Plaintiff's complaints were not credible to the extent alleged. (Tr. 18-20).

7

The ALJ considered Plaintiff's daily activities and found the self-imposed restrictions inconsistent with medical findings in the record. (Tr. 18). Plaintiff indicated his daily activities consisted of nothing much more than watching televison and helping take care of his mother. (Tr. 215). The ALJ noted there was nothing in the laboratory or medical findings which would indicate this type of restricted activity was necessary. (Tr. 18).

The ALJ found a lack of objective medical evidence to support the alleged disabling painful symptoms. (Tr. 18). The ALJ also considered the lack of regular medical treatment and use of over-the-counter medication as inconsistent with disabling symptoms. (Tr. 18). *See Williams v. Bowan*, 790 F.2d 713 (8th Cir. 1986).

Although Plaintiff indicated he is very limited in his ability to do certain functions due to his back pain, (Tr. 204-205) there were no medical records showing Plaintiff ever sought treatment for this condition, nor was there any indication Plaintiff used any prescription medicine for this condition.

As set out above, Plaintiff was seen several times with complaints of hand pain following his initial injury in 2002 to his left hand. These treatments occurred primarily at the St. Joseph's Mercy Health Center ER and occurred within the first months following the injury. Following this, there was a lengthy period of time before Plaintiff was seen again. The ALJ also pointed out Plaintiff was noncompliant with his medicine following the initial treatment. (Tr. 15). When Plaintiff was seen by Dr. Rudder in 2004 (Tr.111), Dr. Atta in 2005 (Tr. 114), and Dr. Chakales in 2006 (Tr. 192), there were no objective medical findings supporting his claim of disability.

The ALJ also considered Plaintiff's medication usage. The ALJ found Plaintiff does not

take strong pain medication. (Tr. 19). *See Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994)(the lack of strong pain medication is inconsistent with claimant's claim of disabling painful symptoms). The Plaintiff only used over-the-counter pain medication, which according to Plaintiff, helped with the pain. (Tr. 205). The fact Plaintiff primarily took over-the-counter pain medications discounts the credibility of his claim of disabling pain. (Tr.19).

The ALJ considered Plaintiff's limited medical treatment. (Tr. 18-19). Failure to seek medical treatment is inconsistent with complaints of disabling pain. *See Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987). As previously noted, Plaintiff's treatment occurred during the first few months following his 2002 hand injury. Following this, Plaintiff had limited treatment in the years to follow. The record shows two physician visits by the Plaintiff in 2005 and 2006. Plaintiff was seen by Dr. Roy Puen on May 18, 2005 and November 18, 2005 for poison ivy and chest congestion. (Tr. 134, 135). The ALJ found this limited treatment was not indicative of disabling pain. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

As for aggravating factors and functional limitations, the ALJ found Plaintiff's claimed limits with regards to his back pain were not credible. (Tr. 18-19). The ALJ discussed Plaintiff's failure to seek aggressive medical treatment for these complaints, and the fact Plaintiff had not sought out emergency treatment of a frequency that would be supportive of severe pain. (Tr. 19). The ALJ did not dispute Plaintiff may be experiencing some pain, but not all pain mandates a finding of disability. *See Benskin v. Bowen*, 830 F2d 878 (8th Cir. 1987).

I find substantial evidence to support the ALJ's credibility determination regarding Plaintiff's subjective complaints and the ALJ performed a proper analysis of the factors set forth in *Polaski*.

**C. VE Testimony**

Plaintiff argues he has nonexertional impairments and because of this, the ALJ should not have relied upon the Grids in his disability determination. Plaintiff argues these nonexertional impairments include pain and memory loss. In response, Defendant argues the ALJ properly concluded Plaintiff did not have a nonexertional impairments that would significantly diminish his RFC. Defendant argues the ALJ was, therefore, able to properly apply the Grids in determining Plaintiff was able to perform work existing in significant numbers in the economy, and as such, there was no need to obtain VE testimony at the hearing.

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids). The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003) (affirming the SSA's disability determination where the ALJ found the claimant's alleged nonexertional limitations did not diminish the claimant's RFC to perform the full range of work); *Lewis v. Heckler,* 808 F.2d 1293, 1298 (8th Cir. 1987) (reversing and remanding the SSA's disability determination where the ALJ determined that the claimant's nonexertional limitations did significantly diminish the claimant's exertional abilities). If, however,

the SSA properly determines that a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-69.

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1).

As discussed above, the ALJ discounted Plaintiff's subjective complaints that his ability to perform work is significantly diminished by his pain. (Tr.18-19). The ALJ's credibility determination is supported by several valid reasons and is entitled to deference. *See Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006) (affirming the ALJ's credibility determination because the evidence as a whole was inconsistent with the claimant's testimony).

Plaintiff also argues he suffers from memory loss which is a significant nonexertional limitation. The ALJ noted that the medical records from St Joseph's Mercy Health Center for Plaintiff's September 2002 admission indicated a diagnosis for closed head injury. (Tr. 157, 161). However, the ALJ found no indication Plaintiff ever reported memory problems to a treating physician, nor is there any indication any treating physician diagnosed Plaintiff with cognitive impairment or reduced mental functioning. (Tr. 14). Proof of a disabling impairment must be

supported by at least some medical evidence. *See Marlof v. Sullivan*, 981 F. 2d 976, 978 (8th Cir. 1992).

A claimant is entitled to have a VE testify unless the ALJ properly discredits the claimant's complaint of a nonexertional limitation. *See Reynolds v. Chater*, 82 F. 3d 254, 258-259 (8th Cir. 1996). In this case, the reliable medical assessments of record fully support the ALJ's RFC determination. Further, having properly discredited Plaintiff's subjective complaints, the ALJ was permitted to employ the Guidelines in finding the Plaintiff not disabled. *See Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003).

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of July 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE